# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Jerry Yonkedeh, | Case No. 23-cv-0666 (DSD/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

This matter is before the Court on Petitioner Jerry Yonkedeh's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) The case has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the following reasons, the Court recommends that Mr. Yonkedeh's Petition be denied as moot and this action be dismissed without prejudice.

## BACKGROUND

In his Petition, Mr. Yonkedeh claims that he has been detained in violation of his constitutional rights by United States Immigration and Customs Enforcement ("ICE") for nearly a year without a bond hearing in conditions "that are indistinguishable from penal confinement[.]" (*Id.*) The Court understands Mr. Yonkedeh's requested relief to be a bond hearing to determine the lawfulness of his continued detention.

On May 1, 2023, this Court ordered Respondent United States of America to file its overdue response to Mr. Yonkedeh's Petition on or before May 5, 2023. (Doc. 7.) On May

5, Respondent filed a Notice of Release "in lieu of a formal response to the Petition." (Doc. 8.) In its Notice, Respondent states that "ICE concluded that detention was no longer warranted" for Mr. Yonkedeh and released him on May 1, 2023. (*Id.*)

Federal habeas corpus review under 28 U.S.C. § 2241 is generally available only to people who are in custody. Once a person is released from custody, their case becomes moot unless they can show that a writ of habeas corpus can still provide them relief. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Learning of Mr. Yonkedeh's release, on May 8, 2023, the Court issued an Order to Show Cause requiring Petitioner to file a written notice to the Court describing why this action should not be dismissed as moot because Mr. Yonkedeh could no longer obtain the relief sought. (Doc. 9.) Mr. Yonkedeh's response was due on or before June 7, 2023. It is now June 15, and no response has been filed.

Therefore, the Court finds that, because Mr. Yonkedeh is no longer in federal custody, the relief that he seeks—a bond hearing to determine the lawfulness of his continued detention—is no longer available. And the government has now represented to the Court that Mr. Yonkedeh is no longer in federal custody. As such, the Court now recommends that this action be dismissed without prejudice as moot. *See Spencer*, 523 U.S. at 7.

## RECOMMENDATION

Based upon the above, and on all the files, records, and proceedings in this action, **IT IS RECOMMENDED** that Jerry Yonkedeh's Petition for Writ of Habeas Corpus under

28 U.S.C. § 2241 (Doc. 1) be **DENIED AS MOOT** and this action be **DISMISSED WITHOUT PREJUDICE**.

DATED:  June 15, 2023                              s/Douglas L. Micko
                                                             DOUGLAS L. MICKO
                                                             United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).